IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:20-cv-01461-WJM

THE STATE OF COLORADO,

    Plaintiff,

v.

U.S. ENVIRONMENTAL PROTECTION AGENCY; ANDREW WHEELER, in his official capacity as Administrator of the U.S. Environmental Protection Agency; U.S. ARMY CORPS OF ENGINEERS; and R.D. JAMES, in his official capacity as Assistant Secretary of the Army for Civil Works,

    Defendants.

**DECLARATION OF CHANTELL SACKETT
IN SUPPORT OF THE UNOPPOSED MOTION TO INTERVENE**

I, Chantell Sackett, am competent to testify and declare as follows:

1. The following is true and correct to the best of my knowledge.

2. I am one of the proposed intervenors in this matter.

3. My husband Mike and I have owned a 2/3-acre lot in Priest Lake, Idaho, since 2003. The lot is bounded on the North end by an elevated road that separates the lot from a roadside ditch. There are no culverts or any other surface water connections between our lot through or under the elevated road to the ditch on the other side of the road.

4. There is no surface water connection between our lot and any other body of surface water.

5. In 2007 we had obtained all necessary local permits from Bonner County, Idaho, and broke ground to build our house on the lot.

6. While preparing the lot in April 2007, we were ordered to stop work by two employees of the Environmental Protection Agency (EPA), who claimed that we could not build a home on the lot without a permit from the United States Army. We stopped work at that time and since then have been unable to build on the lot or do anything with it.

7. In November 2007 Mike and I were issued an administrative compliance order by the EPA, which claimed that our lot is a federally protected "water of the United States," and that we had violated the Clean Water Act by breaking ground on it. The order further told us to restore the lot to its pre-groundbreaking condition and leave it idle for three years.

8. Mike and I challenged this administrative compliance order in federal court in early 2008.

9. After we filed our lawsuit, an employee of the EPA returned to our lot and completed an investigation report and jurisdictional determination form which confirm that the lot has no surface water connection with any other water body, and that the elevated road that separates our lot from the ditch on the other side of the road has no culverts or other surface water connections under or through it. The report and jurisdictional determination form are attached to this declaration as Exhibits A and B, respectively.

10. As long as the EPA claims authority over our property, we are unable to build on it without fear of enforcement for further alleged violations of the Clean Water Act. We cannot afford to obtain an Army permit to build a house on the lot, and learned from the EPA's record of their compliance order that the EPA and Army would not issue a permit to build a house on our lot.

11. Our lot is only zoned for residential construction. If the Clean Water Act applies to it, then we will never be able to build a home on it, and the lot is worse than worthless. We have paid property taxes on it for 13 years and cannot do anything with it. Nor can we imagine anyone buying it when it cannot be used for the purpose for which it is zoned.

12. We have been in litigation with the EPA since early 2008. In March of 2019, the U.S. District Court for the District of Idaho ruled that EPA had legally claimed authority over our lot under the Clean Water Act. We have appealed this ruling to the Ninth Circuit Court of Appeals, where it is now pending.

13. It is our understanding that because our lot has no surface water connection with any other water body, that under the Trump Administration's Navigable Waters Protection Rule, our lot would no longer be under EPA authority. If that Navigable Waters Protection Rule goes into effect, then we would have the opportunity to build on our lot.

14. If the Navigable Waters Protection Rule is not allowed to go into effect, then we will remain under EPA's claim of Clean Water Act authority, under the rules and regulations that were in effect in 2007 and 2008, and we will have to keep fighting that battle with the agencies and in court.

I declare, under the penalty of perjury of the laws of the state of Idaho and the United States, that the foregoing is true and correct. Signed June 3, 2020, in Nordman, Idaho.

_____
CHANTELL SACKETT

# CERTIFICATE OF SERVICE

I certify that on June 3, 2020, I served the foregoing **DECLARATION OF CHANTELL SACKETT IN SUPPORT OF THE UNOPPOSED MOTION TO INTERVENE** upon all parties herein by e-filing with the CM/ECF system maintained by the court:

Annette M. Quill
Colorado Attorney General's Office
Ralph L. Carr Colorado Judicial Center
1300 Broadway
Denver, CO 80203
720-508-6264
Fax: 720-508-6032
Email: annette.quill@coag.gov

Carrie Elizabeth Noteboom
Colorado Attorney General's Office
Ralph L. Carr Colorado Judicial Center
1300 Broadway
Denver, CO 80203
720-508-6285
Email: carrie.noteboom@coag.gov

Eric R. Olson
Colorado Attorney General's Office-Dept. of Law
Ralph Carr Judicial Building
1300 Broadway
10th Floor
Denver, CO 80203
720-508-6548
Email: eric.olson@coag.gov

Jennifer H. Hunt
Colorado Attorney General's Office
Ralph L. Carr Colorado Judicial Center
1300 Broadway
Denver, CO 80203
720-508-6215
Email: jennifer.hunt@coag.gov

Phillip Roark Dupre
U.S. Department of Justice-DC-#7611
Environment and Natural Resources Division
Ben Franklin Station
P.O. Box 7611
Washington, DC 20044-7611
202-616-7501
Fax: 202-514-8865
Email: phillip.r.dupre@usdoj.gov

Sonya Joy Shea
U.S. Department of Justice-Denver-ENRS
Environment & Natural Resources Section
999 18th Street
South Terrace, Suite 370
Denver, CO 80202
303-844-7231
Fax: 303-844-1350
Email: sonya.shea@usdoj.gov

            <u>s/ Glenn E. Roper</u>
            GLENN E. ROPER