IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Civil Action No. 20-cv-1461-WJM-NRN

THE STATE OF COLORADO,

    Plaintiff,

v.

U.S. ENVIRONMENTAL PROTECTION AGENCY;
ANDREW WHEELER, in his official capacity as Administrator of the U.S. Environmental Protection Agency;
U.S. ARMY CORPS OF ENGINEERS; and
R.D. JAMES, in his official capacity as Assistant Secretary of the Army for Civil Works,

    Defendants.

## ORDER GRANTING MOTIONS TO INTERVENE

Plaintiff State of Colorado ("Colorado") sues the U.S. Environmental Protection Agency ("EPA") and its administrator, along with the U.S. Army Corps of Engineers ("Corps of Engineers") and its administrator, to invalidate a new regulation regarding the scope of federal jurisdiction under the Clean Water Act ("CWA"), 33 U.S.C. §§ 1251 *et seq*. The Court will refer to Defendants collectively as "the Agencies."

Currently before the Court is Chantell and Michael Sacketts' ("Sacketts") Unopposed Motion to Intervene (ECF No. 42) and the Unopposed Motion to Intervene of Proposed Business Intervenors (ECF No. 49).[1] Although the motions are

---

[1] The proposed "Business Intervenors" are the American Farm Bureau Federation; American Petroleum Institute; American Road and Transportation Builders Association; Chamber of Commerce of the United States of America; Leading Builders of America; National Alliance of Forest Owners; National Association of Home Builders; National Cattlemen's Beef Association; National Corn Growers Association; National Mining Association; National Pork Producers Council; National Stone, Sand, and Gravel Association; Public Lands Council; and

unopposed, the Court nonetheless examines them on their merits to ensure that the proposed intervenors will materially contribute to, not distract from, this dispute.

Also before the Court is the Sacketts' Unopposed Motion for Expedited Ruling on Unopposed Motion to Intervene, arguing that a ruling is needed so that they may "participat[e] on the same schedule as the other parties in the pending appeal from this Court's Order Granting As-Construed Motion for Stay of Agency Action (ECF No. 61)." (ECF No. 68 at 1.) Familiarity with ECF No. 61 is presumed, and capitalized terms in this Order have the same meaning given in that order.

Federal Rule of Civil Procedure 24(a)(2) provides that, on timely motion, the Court must permit intervention as of right to anyone who "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." The Tenth Circuit has "construed the plain language of this rule to mean that a nonparty seeking to intervene as of right must establish (1) timeliness, (2) an interest relating to the property or transaction that is the subject of the action, (3) the potential impairment of that interest, and (4) inadequate representation by existing parties." *Barnes v. Sec. Life of Denver Ins. Co.*, 945 F.3d 1112, 1121 (10th Cir. 2019) (internal quotation marks omitted).

***Timeliness.*** The Sacketts and the Business Intervenors both moved to intervene shortly after this lawsuit was filed. There is no question that their motions were timely.

---

U.S. Poultry & Egg Association.

***Interest & Impairment.***  As described in *Sackett v. EPA*, 566 U.S. 120 (2012), the Sacketts own a piece of property in Idaho on which they have been trying to build for many years, but have been prevented from doing so due to the Agencies' interpretation of "waters of the United States."  They say that the New Rule would finally allow them to build, whereas if this Court ultimately vacates the New Rule, the Current Rule would come back into force and the Sacketts would once again be unable to build.[2]  (ECF No. 42 at 9–11.)

The Business Intervenors say that the Current Rule imposes costs and burdens upon them that the New Rule does not.  If this Court vacates the New Rule, those costs and burdens would remain, or be reimposed.  (ECF No. 49 at 11–12.)

The Court finds that both the Sacketts and the Business Intervenors have stated an adequate interest and a potential impairment of it, depending on the outcome of this case.

***Adequacy of Current Representation.***  The Agencies, the Sacketts, and the Business Intervenors all have the same goal: uphold the New Rule.  However, the Tenth Circuit has characterized a proposed intervenor's burden on this element

> as "minimal."  "The possibility of divergence need not be great in order to satisfy th[is] burden."  "An intervenor need only show the *possibility* of inadequate representation."  Only "when the objective of the applicant for intervention is identical to that of one of the parties" is representation considered to be adequate.

*Barnes*, 945 F.3d at 1124 (citations omitted; emphasis and alternations in original). Particularly in environmental cases, the Tenth Circuit has endorsed the notion that "the

---

[2] As far as the Court is aware, the New Rule has been enjoined in Colorado only, so presumably the Sacketts can build in Idaho now.  They do not say whether they are doing so.

federal agency sued must represent the public interest, which may differ from [a private] applicant's particular interest." *Utah Ass'n of Counties v. Clinton*, 255 F.3d 1246, 1255 (10th Cir. 2001).

Both the Sacketts and the Business Intervenors argue that this is a reasonably likely possibility here, given how many different attempts the Agencies have made to define "waters of the United States" based on shifting political priorities. (ECF No. 42 at 13–14; ECF No. 49 at 14–15.) The Court finds this sufficient to show a possibility of inadequate representation.[3]

Thus, intervention as of right appears appropriate for both the Sacketts and the Business Intervenors. As to the Business Intervenors, however, such intervention is subject to the understanding and limitation that they must continue to act as a group (*e.g.*, filing only one consolidated brief among them). If one of the Business Intervenors concludes that its interests diverge from the others, it may **not** file its own briefing on account of having intervened along with the rest of the Business Intervenors. It may move to have itself dismissed and/or to intervene independently, but unless and until it does so, it remains bound by the filings of the other Business Intervenors.

Accordingly, for the reasons set forth above, the Court ORDERS as follows:

1. The Sacketts' Unopposed Motion to Intervene (ECF No. 42) is GRANTED;
2. The Unopposed Motion to Intervene of Proposed Business Intervenors (ECF No. 49) is GRANTED;

---

[3] The Sacketts also wish to argue something that the Agencies do not, namely, that the New Rule is required by *Rapanos v. United States*, 547 U.S. 715 (2006), rather than just a permissible interpretation of "waters of the United States" subject to administrative deference. The Court rejected this argument in its order granting an APA § 705 stay. (ECF No. 61 at 23–25.) However, that order is necessarily preliminary and so does not foreclose the Sacketts from continuing to advance their interpretation of *Rapanos*.

3. The Sacketts' Unopposed Motion for Expedited Ruling on Unopposed Motion to Intervene (ECF No. 68) is DENIED AS MOOT;[4]

4. The Sacketts and the Business Intervenors shall file their respective answers in intervention no later than **August 5, 2020**; and

5. The parties and the Clerk of Court shall adopt the following caption going forward:

THE STATE OF COLORADO,

    Plaintiff,

v.

U.S. ENVIRONMENTAL PROTECTION AGENCY;
ANDREW WHEELER, in his official capacity as Administrator of the U.S. Environmental Protection Agency;
U.S. ARMY CORPS OF ENGINEERS; and
R.D. JAMES, in his official capacity as Assistant Secretary of the Army for Civil Works,

    Defendants.

CHANTELL SACKETT and
MICHAEL SACKETT,

    Intervenor-Defendants.

AMERICAN FARM BUREAU FEDERATION;
AMERICAN PETROLEUM INSTITUTE;
AMERICAN ROAD AND TRANSPORTATION BUILDERS ASSOCIATION;
CHAMBER OF COMMERCE OF THE UNITED STATES OF AMERICA;
LEADING BUILDERS OF AMERICA;
NATIONAL ALLIANCE OF FOREST OWNERS;
NATIONAL ASSOCIATION OF HOME BUILDERS;
NATIONAL CATTLEMEN'S BEEF ASSOCIATION;
NATIONAL CORN GROWERS ASSOCIATION;

---

[4] The Court expresses no opinion on whether the Sacketts' status as intervenors allows them to participate in the appeal of the preliminary injunction. The preliminary injunction does not extend beyond Colorado, and therefore does not burden the Sacketts' property in Idaho.

5

NATIONAL MINING ASSOCIATION;
NATIONAL PORK PRODUCERS COUNCIL;
NATIONAL STONE, SAND, AND GRAVEL ASSOCIATION;
PUBLIC LANDS COUNCIL; and
U.S. POULTRY & EGG ASSOCIATION,

      Intervenor-Defendants.


Dated this 15th day of July, 2020.

BY THE COURT:

_____
William J. Martinez
United States District Judge

6