## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 20-cv-01461-WJM-NRN

THE STATE OF COLORADO,

    Plaintiff,

v.

U.S. ENVIRONMENTAL PROTECTION AGENCY;
MICHAEL REGAN, in his official capacity as Administrator of the U.S. Environmental Protection Agency;
U.S. ARMY CORPS OF ENGINEERS; and
JAIME PINKHAM, in his official capacity as Acting Assistant Secretary of the Army for Civil Works,

    Defendants.

CHANTELL SACKETT and
MICHAEL SACKETT,

    Intervenor-Defendants.

AMERICAN FARM BUREAU FEDERATION;
AMERICAN PETROLEUM INSTITUTE;
AMERICAN ROAD AND TRANSPORTATION BUILDERS ASSOCIATION;
CHAMBER OF COMMERCE OF THE UNITED STATES OF AMERICA;
LEADING BUILDERS OF AMERICA;
NATIONAL ALLIANCE OF FOREST OWNERS;
NATIONAL ASSOCIATION OF HOME BUILDERS;
NATIONAL CATTLEMEN'S BEEF ASSOCIATION;
NATIONAL CORN GROWERS ASSOCIATION;
NATIONAL MINING ASSOCIATION;
NATIONAL PORK PRODUCERS COUNCIL;
NATIONAL STONE, SAND, AND GRAVEL ASSOCIATION;
PUBLIC LANDS COUNCIL; and
U.S. POULTRY & EGG ASSOCIATION,

    Intervenor-Defendants.

**JOINT MOTION TO HOLD CASE IN ABEYANCE**

Plaintiff the State of Colorado; Defendants United States Environmental Protection Agency ("EPA"), EPA Administrator Michael Regan, the United States Army Corps of Engineers ("Corps"), and Acting Assistant Secretary of the Army Jaime Pinkham (collectively, the "Agencies");[1] Intervenor-Defendants Chantell and Michael Sackett; and Intervenor-Defendants American Farm Bureau Federation, American Petroleum Institute, American Road and Transportation Builders Association, Chamber of Commerce of the United States of America, Leading Builders of America, National Alliance of Forest Owners, National Association of Home Builders, National Cattlemen's Beef Association, National Corn Growers Association, National Mining Association, National Pork Producers Council, National Stone, Sand, and Gravel Association, Public Lands Council, and U.S. Poultry & Egg Association hereby move the Court to hold this case in abeyance until January 14, 2022.[2] The Parties have good cause for this request.

## BACKGROUND

Plaintiff Colorado filed its initial complaint on May 22, 2020, challenging a rule issued by the Agencies entitled "Navigable Waters Protection Rule: Definition of 'Waters of the United States,'" 85 Fed. Reg. 22,250 (Apr. 21, 2020) ("2020 Rule"). The 2020 Rule defines the phrase "waters of the United States" in Section 502(7) of the Clean

---

[1] Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Jaime Pinkham is automatically substituted for Taylor N. Ferrell.

[2] Although the Parties are requesting an abeyance after which they will propose further proceedings (instead of an extension of the briefing schedule), to the extent this motion could be viewed as a request for an extension of time, this motion complies with D.C.COLO.LCivR 6.1 and WJM Revised Practice Standards D.2.

Water Act, 33 U.S.C. § 1362(7).

On June 19, 2020, the Court granted Colorado's motion for a preliminary injunction and stayed the rule prior to its taking effect in Colorado. Dkt. No. 61. The Agencies and Intervenors appealed. Colorado subsequently amended its complaint, Dkt. No. 81, and Defendants and Intervenors filed answers. Dkt. Nos. 85, 86 & 88. The Court entered a Joint Case Management Plan on August 6, 2020. Dkt. No. 92. Among other things, that plan established a briefing schedule with deadlines starting 14 days from the date of the Tenth Circuit's decision on the preliminary injunction appeals. *Id.* ¶ 6 at 3-4.

While the appeal was pending, President Biden issued Executive Order 13990, entitled "Executive Order on Protecting Public Health and the Environment and Restoring Science to Tackle the Climate Crisis." 86 Fed. Reg. 7037 (Jan. 25, 2021). In conformance with the Executive Order, the Agencies began reviewing many rules promulgated in the last four years, including the 2020 Rule. *See* Fact Sheet: List of Agency Actions for Review, available at https://www.whitehouse.gov/briefing-room/statements-releases/2021/01/20/fact-sheet-list-of-agency-actions-for-review/ (last visited July 12, 2021) (item No. 2 under Department of Defense, and item No. 31 under EPA). The Executive Order directs the Agencies to "consider suspending, revising, or rescinding" such actions "that conflict with [the] important national objectives" listed therein. 86 Fed. Reg. 7037, sections 1 & 2(a).

On March 1, the Tenth Circuit denied the Agencies' request (opposed by Intervenors) to hold the appeals in abeyance. *See Colorado v. EPA* (10th Cir.), Nos. 20-

3

1238, 20-1262 & 20-1263, ECF No. 010110486364 (Doc. 10811133). The Tenth Circuit decided the preliminary injunction appeals on March 2. *See* Dkt. No. 93.

Since then, this Court granted three requests to extend the briefing schedule. *See* Dkt. Nos. 94, 96, 99, 101, 107, 109. Colorado's opening brief is currently due on July 14, 2021. Dkt. No. 109. On June 9, 2021, the Agencies issued a press release stating that, after reviewing the 2020 Rule, they have decided to initiate new rulemaking to revise the definition of "waters of the United States." *See* https://www.epa.gov/newsreleases/epa-army-announce-intent-revise-definition-wotus (last visited July 12, 2021).

## **ARGUMENT**

The Parties have established good cause for an abeyance. As noted above, the Agencies identified the 2020 Rule as subject to review pursuant to Executive Order 13990 and recently announced their decision to initiate new rulemaking to revise the definition of "waters of the United States." Indeed, agencies have inherent authority to review past decisions and to revise, replace, or repeal a decision to the extent permitted by law and supported by a reasoned explanation. *FCC v. Fox Television Stations, Inc.*, 556 U.S. 502, 515 (2009); *Motor Vehicle Mfrs. Ass'n v. State Farm Mutual Auto. Ins. Co.*, 463 U.S. 29, 42 (1983). An agency's interpretation of a statute it administers is not "carved in stone" but must be evaluated "on a continuing basis," for example, "in response to . . . a change in administrations." *Nat'l Cable & Telecomm. Ass'n v. Brand X Internet Servs.*, 545 U.S. 967, 981 (2005) (internal quotation marks and citations omitted).

In light of the Agencies' announcement of their plan to initiate a new rulemaking, the Parties jointly move to hold the case in abeyance for approximately six months, until January 14, 2022, when the Parties can then reassess how this litigation should proceed. By January 14, 2022, the Parties will file a joint status report and proposal(s) to further govern proceedings.

To be sure, the Agencies have filed motions to remand the 2020 Rule without vacatur in a number of other proceedings where the rule is being challenged. *See Pueblo of Laguna v. Regan*, 1:21-cv-277 (D.N.M. July 2, 2021); *Pascua Yaqui Tribe v. EPA*, 4:20-cv-00266, Dkt. No. 72 (D.N.M. July 2, 2021); *Navajo Nation v. Regan*, 2:20-cv-00602, Dkt. No. 32 (D.N.M. June 22, 2021); *Waterkeeper Alliance. v. Regan*, 3:18-cv-03521, Dkt. No. 111 (N.D. Cal. June 22, 2021); *S.C. Coastal Conservation League v. Regan*, 2:20-cv-01687, Dkt. No. 140 (D.S.C. June 21, 2021); *Conservation Law Found. v. EPA*, 20-cv-10820, Dkt. No. 113 (D. Mass. June 9, 2021). Notwithstanding these filings, the Parties here agree that it would be appropriate to hold this litigation in abeyance for now. The Agencies may decide to file a similar motion to remand the 2020 Rule in this proceeding at a later date; the other Parties reserve their rights to determine their position in response to such a motion at that time.

Accordingly, the Parties jointly request to hold this case in abeyance until January 14, 2022.[3] This joint motion is without prejudice to the right of any party to seek

---

[3] Notably, other district courts have granted abeyances in various cases challenging the 2020 Rule in light of the Agencies' review of the Rule and decision to initiate new rulemaking. *See, e.g.*, *New Mexico Cattle Growers' Ass'n v. EPA*, No. 1:19-cv-00988,

a further stay at the end of the abeyance period. The Parties retain the right to move this Court to lift the stay prior to the end of the abeyance period if circumstances warrant resuming litigation. Granting this motion will not prejudice any party and would promote judicial economy.

For the foregoing reasons, the Parties respectfully request that the Court hold proceedings in this case in abeyance until January 14, 2022. The Parties will file a joint status report and proposal(s) to govern further proceedings by no later than January 14, 2022.

Dated: July 12, 2021                Respectfully submitted,

s/ *Jennifer H. Hunt*
**Eric R. Olson**
**Carrie Noteboom**
**Annette Quill**
**Jennifer H. Hunt**
Ralph L. Carr Colorado Judicial Center
1300 Broadway, 10th Floor
Denver, CO 80203
Telephone: 720-508-6215
FAX: 720-508-6032
E-Mail: eric.olson@coag.gov;
carrie.noteboom@coag.gov;
annette.quill@coag.gov;
jennifer.hunt@coag.gov
Attorneys for the State of Colorado

s/ *Sonya J. Shea*
**Sonya J. Shea**
**Phillip R. Dupré**
**Kevin W. McArdle**
**Devon Lehman McCune**
U.S. Department of Justice
Environment & Natural Resources Division
999 18th Street – South Terrace, Suite 370
Denver, CO 80202
Telephone: (303) 844-7231 (Shea)
Telephone: (202) 616-7501 (Dupré)
Telephone: (202) 305-0219 (McArdle)
Telephone: (303) 844-1487 (McCune)
Email: sonya.shea@usdoj.gov
Email: phillip.r.dupre@usdoj.gov
Email: kevin.mcardle@usdoj.gov
Email: Devon.McCune@usdoj.gov
Attorneys for Defendants

---

Dkt. Nos. 59 & 69 (D.N.M.); *Puget Soundkeeper All. v. EPA*, No. 2:20-cv-00950, Dkt. Nos. 47 & 52 (W.D. Wash.); *Washington Cattlemen's Ass'n v. EPA*, No. 2:19-cv-569, Dkt. Nos. 95 & 101 (W.D. Wash.). *See also Murray v. Wheeler*, No. 1:19-cv-1498, Dkt. No. 42 (N.D.N.Y.); *Chesapeake Bay Found., Inc. v. Wheeler*, No. 20-cv-1063, Dkt. No. 48 (D. Md.); *Envtl. Integrity Project v. Wheeler*, No. 1:20-cv-01734, Dkt. No. 27 (D.D.C.).

s/ *Timothy S. Bishop*
**Timothy S. Bishop**
**Brett E. Legner**
Mayer Brown LLP
71 S. Wacker Drive
Chicago, IL 60606
Telephone: (312) 701 7829
Facsimile: (312) 706 8607
E-mail: tbishop@mayerbrown.com
E-mail: blegner@mayerbrown.com
**Colleen M. Campbell**
Mayer Brown LLP
1999 K Street NW 20006
Washington, DC
Telephone: (202) 263 3413
Facsimile: (202) 263-3300
E-mail: ccampbell@mayerbrown.com
Attorneys for Business Intervenors

s/ *Glenn E. Roper*
**Glenn E. Roper**
Pacific Legal Foundation
1745 Shea Center Drive
Suite 400
Highlands Ranch, CO 80129
Telephone: (916) 419-7111
E-mail: geroper@pacificlegal.org
**Anthony François**
**Charles T. Yates**
Pacific Legal Foundation
930 G Street
Sacramento, CA 95814
Telephone: (916) 419-7111
E-mail: afrancois@pacificlegal.org
E-mail: cyates@pacificlegal.org
Attorneys for Intervenors Chantell and Michael Sackett

## CERTIFICATE OF SERVICE

I hereby certify that, on July 12, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following email addresses:

Carrie.Noteboom@coag.gov
Eric.Olson@coag.gov
Jennifer.Hunt@coag.gov
Annette.Quill@coag.gov
Laurie.Merrick@coag.gov
barbara.dory@coag.gov
dan.graeve@coag.gov
quill.annette@gmail.com
Afrancois@pacificlegal.org
IncomingLit@pacificlegal.org
Blegner@mayerbrown.com
Ccampbell@mayerbrown.com
Tbishop@mayerbrown.com
courtnotification@mayerbrown.com
7767409420@filings.docketbird.com
wdc.docket@mayerbrown.com
geroper@pacificlegal.org
bbartels@pacificlegal.org
bsiebert@pacificlegal.org
tdyer@pacificlegal.org
cyates@pacificlegal.org

I hereby certify that I have mailed or served the foregoing document or paper to the following non-CM/ECF participants in the manner (mail, hand-delivery, etc.) indicated by the non-participant's name:

 N/A

Pursuant to D.C.COLO.LCivR 6.1(c) and WJM Revised Practice Standards D.2.b, I further certify that I contemporaneously served the forgoing document via email to Elise O'Dea, Attorney-Advisor in the Office of General Counsel, EPA, on behalf of Michael Regan and EPA; and to Daniel Inkelas, Assistant Counsel in the Office of Chief Counsel, U.S. Army Corps of Engineers, on behalf of the Jaime Pinkham and the U.S. Army Corps of Engineers.

                                                       *s/ Sonya J. Shea*
                                                       **Sonya J. Shea**
                                                       Attorney for Defendants

Pursuant to D.C.COLO.LCivR 6.1(c) and WJM Revised Practice Standards D.2.b, I certify that I contemporaneously served the forgoing document on Phillip J. Weiser, Attorney General.

*s/ Jennifer H. Hunt*
**Jennifer H. Hunt**
Attorney for Plaintiff

Pursuant to D.C.COLO.LCivR 6.1(c) and WJM Revised Practice Standards D.2.b, I certify that I contemporaneously served the forgoing document on Ellen Steen, General Counsel & Secretary at the American Farm Bureau Federation; Travis Cushman, Senior Counsel for Public Policy at the American Farm Bureau Federation; Don Parrish, Senior Director of Regulatory Affairs at the American Farm Bureau Federation; Andrea S. Miles, Senior Counsel at American Petroleum Institute; John Wagner, Managing Counsel at American Petroleum Institute; Mara Zimmerman, Senior Counsel at American Petroleum Institute; Nick Goldstein, Assistant General Counsel at the American Roald & Transportation Builders Association; Daryl Joseffer, Senior Vice President and Chief Counsel at the U.S. Chamber Litigation Center; Mike Schon, Vice President & Chief Counsel for Environment and Energy Litigation at the U.S. Chamber Litigation Center; Ken Gear, Chief Executive Officer at Leading Builders of America; Chip Murray, Vice President for Policy and General Counsel for the National Alliance of Forest Owners; Thomas Ward, Vice President for Litigation & Legal Services at the National Association of Home Builders; Scott Yager, Chief Environmental Counsel at National Cattlemen's Beef Association; Colleen Willard, Director of Public Policy, Production and Sustainability at the National Corn Growers Association; Katie Sweeney, Executive Vice President & General Counsel at National Mining Association; Michael C. Formica, Assistant Vice President and General Counsel of National Pork Producers' Council; Emily W. Coyner, Senior Director of Environmental Policy at The National Stone, Sand, and Gravel Association; Elam Nile, Director of Legislative Affairs at The National Stone, Sand & Gravel Association; and Paul Bredwell, Executive Vice President of Regulatory Programs at U.S. Poultry & Egg Association.

*s/ Timothy S. Bishop*
**Timothy S. Bishop**
Attorney for Business Intervenors

Pursuant to D.C.COLO.LCivR 6.1(c) and WJM Revised Practice Standards D.2.b, I certify that I contemporaneously served the forgoing document on Chantell and Michael Sackett.

*s/ Glenn E. Roper*
**Glenn E. Roper**

Attorney for Intervenors Chantell and Michael Sackett